Clement, J.
There seems to be but one point raised on this appeal which calls for our consideration viz: as to the exceptions taken at folios 42, 43 and 44 of the case.
The testimony taken under exception was hearsay and should have been excluded and the judgment should be reversed for the admission of such testimony except for the reason hereinafter stated.
The plaintiff in his complaint alleged that the conveyance was made by the defendant for the fraudulent purpose of avoiding the contract, and on the trial put the deed in evidence, and in fact tried the action on the theory that he was *722 entitled to substantial damages if the defendant had sold the property to avoid the completion of the contract, and the court submitted to the jury the question " whether the defendant conveyed away this property for the purpose of being relieved or avoiding the fulfillment of the contract ” and no exception was taken to the charge.
When the testimony was admitted the learned judge stated that it was allowed not as proof of value or that the representation was false, but to show good faith.
The plaintiff’s counsel should then have stated that there was no such issue in the case. Having tried the action on the theory that the question of intent in the execution of the deed was material to the issue, the plaintiff cannot now complain that testimony which bore on the intent of the party, was irrelevant.
The rule of damages applicable to the present case is laid down by Judge Mason in Pumpelly v. Phelps, 40 N. Y., 59, 66.
Judgment and order denying new trial affirmed, with costs.
Osborne, J., concurs.